**Michael J. Knapp**
621 SW Morrison St, Suite 900
Portland, Oregon 97205
Telephone: (503) 222-6508
Facsimile : (503) 222-6518
E-Mail     : mknapp@spiretech.com
**OSB# 833943**
        Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| PAUL A. MEUNIER,<br><br>                    Plaintiff,<br><br>       v.<br><br>THE NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY,<br><br>                    Defendant. | Case No.<br><br>**COMPLAINT FOR DAMAGES**<br><br>**(1)    Breach of Insurance Policy Contracts**<br><br>**(2)    Request for Declaratory Relief**<br><br>**JURY TRIAL DEMANDED** |

        Plaintiff alleges:

### I.    PARTIES

        1.    Plaintiff is a resident of the State of Oregon.

        2.    Defendant is a corporation organized and existing under the laws of the State of Wisconsin, is duly authorized to transact business in the State of Oregon, and conducts business in this district.

Page 1 - COMPLAINT FOR DAMAGES

## II. JURISDICTION AND VENUE

3. The amount in controversy between plaintiff and defendant exceeds $75,000.

4. Jurisdiction is based on diversity of citizenship pursuant to 28 U.S.C. § 1132.

5. Venue is proper in this court pursuant to 28 U.S.C. § 1391(a).

## III. ALLEGATIONS COMMON TO ALL OF PLAINTIFF'S CLAIMS FOR RELIEF

6. Defendant issued two disability insurance policies to plaintiff. Defendant issued policy number D1088078 to plaintiff on November 10, 1994, and policy number D1098423 on January 10, 1995. Hereinafter, these two policies will be referred to as "plaintiff's policies" or "his policies."

7. Plaintiff's policies provide for the payment of monthly disability insurance benefits if he becomes totally or partially disabled.

8. The "Partial Disability" section that is included in both of plaintiff's policies states in its relevant part as follows:

> The Insured is partially disabled when:
> a. the insured is unable:
>    - to perform one or more but not all of the principal duties of the regular occupation; or
>    - to spend as much time at the regular occupation as before the disability started;
> b. the Insured has at least a 20% Loss of Earned Income; and
> c. the Insured is gainfully employed in an occupation.

9. Plaintiff is employed as a medical doctor. He specializes in Diagnostic Radiology.

10. On or about April 22, 2011, plaintiff became partially disabled because of blurred vision in both of his eyes caused by severe ocular disease.

11. Shortly thereafter, plaintiff submitted a claim for partial disability benefits to defendant.

12. Defendant reviewed plaintiff's claim, and determined that plaintiff qualifies for partial disability benefits under the terms of both of his policies.

13. Under the terms of plaintiff's policies, he is entitled to receive a "Proportionate Benefit" from defendant if he is partially disabled.

14. Plaintiff's policies include a section that sets forth a method for calculating the insured's Proportionate Benefit. This section states that:

> "[I]f the insured has at least an 80% Loss of Earned Income the Proportionate Benefit amount will be 100% of the Full Benefit."

15. In its review of plaintiff's claim, defendant determined that plaintiff has at least an 80% Loss of Earned Income as a result of his disability, and, therefore, he is entitled to receive a Proportionate Benefit that is 100% of his Full Benefit.

16. In its review of plaintiff's claim, defendant calculated the Full Benefit of plaintiff's policy number D1088078 to be $14,049 per month. This calculation was wrong. The correct calculation should be $22,492 per month.

17. In its review of plaintiff's claim, defendant calculated the Full Benefit of plaintiff's policy number D1098423 to be $2,342 per month. This calculation was wrong. The correct calculation should be $3,749 per month.

18. Defendant made mistakes in its calculation of the Full Benefit amount provided for by both of plaintiff's policies because it failed to take into account all of the annual increases in the Full Benefit amount that are provided for by the terms of the policies.

19. Both of plaintiff's policies include a section entitled "Future Increase Benefit (FIB)." Hereinafter, this section of plaintiff's policies will be referred to as the "FIB section."

20. The FIB section that is in both of plaintiff's policies provides for a minimum 4% annual increase in the amount of plaintiff's Full Benefit. Specifically, the FIB section states in its relevant part as follows:

> **1. THE BENEFIT**
>
> The Company will annually index the Full Benefit on each policy anniversary to reflect increases in consumer price levels, subject to the terms and conditions in this Benefit. The increased coverage which results from the indexing will remain in effect for as long as the policy is in force and premiums are paid for the increased Full Benefit. Any benefit that is based on the amount of the Full Benefit will be increased in proportion to the increase in Full Benefit. ...
>
> **Minimum and Maximum Increase.** The Full Benefit for a policy year will not be less than 104% of the Full Benefit for the prior policy year. The Full Benefit for a policy year will not be more than 108% of the Full Benefit for the prior policy year.

21. The Full Benefit amount of plaintiff's policy number D1088078 was $11,545 when plaintiff first purchased this policy from defendant in 1994. The Full Benefit amount for this policy increased to $22,492 pursuant to the policy's FIB section by the time plaintiff became disabled in April 2011.

22. The Full Benefit amount of plaintiff's policy number D1098423 was $2,000 when plaintiff first purchased this policy from defendant in 1995. The Full Benefit amount of this policy increased to $3,749 pursuant to the policy's FIB section by the time plaintiff became disabled in April 2011.

///

23. When defendant made its decision to honor plaintiff's claim for partial disability benefits, it notified plaintiff that it had calculated the Full Benefit amount for plaintiff's policy number D1088078 to be $14,049 (and not $22,492) and the Full Benefit amount for his policy number D1098423 to be $2,342 (and not $3,749.)

24. Plaintiff then pointed out to defendant that it had made mistakes in its calculation of the Full Benefit provided for by each of his policies. Plaintiff notified defendant that pursuant to the FIB section of his policies, he was entitled to receive a Full Benefit in the amount of $22,492 for policy number D1088078, and a Full Benefit in the amount of $3,749 for policy number D1098423.

25. In response, defendant asserted that the FIB sections in both of plaintiff's policies stopped being effective in 1999. According to defendant, this meant that as of 1999 plaintiff was no longer entitled to receive annual 4% increases in the calculation of the Full Benefit of his policies.

26. Defendant notified plaintiff that it would pay him a monthly disability benefit in the amount of $14.049 for policy D1088078, and no more. Defendant also notified plaintiff that it would pay him a monthly disability benefit in the amount of $2,342 for policy number D1098423, and no more.

## IV.  FIRST CLAIM FOR RELIEF

**(Breach of Insurance Policy Contract Number D1088078)**

27. Plaintiff's insurance policy number D1088078 provides for a 91 day waiting period following the onset of the insured's disability before monthly disability benefits become payable.

28. Defendant started paying plaintiff monthly disability benefits pursuant to policy number D1088078 in August 2011.

29. Since August 2011, defendant has paid plaintiff a monthly disability benefit pursuant to policy number D1088078 in the amount of $14,049 per month. Defendant has refused to pay plaintiff a monthly benefit in the amount of $22,492 per month, which is the amount of the monthly benefit that plaintiff is entitled to receive under the terms of this policy.

30. Defendant has thereby breached the contract of insurance that is set forth in policy number D1088078.

31. As a result of defendant's breach of this contract, plaintiff has suffered monetary damages at the rate of $8,443 per month since August 2011. The total amount of damages plaintiff has suffered to date is $84,430.

32. Plaintiff will continue to suffer monetary damages as long as defendant continues to fail to provide plaintiff the full monthly disability benefit that he is entitled to receive under the terms of policy number D1088078.

33. Pursuant to ORS 82.010, plaintiff is entitled to an award of prejudgment interest on the amount of the monthly benefits that defendant has wrongfully withheld from him since August 2011.

34. Plaintiff has been forced to hire an attorney to contest defendant's decision regarding the calculation of his monthly disability benefits, and to bring this insurance coverage lawsuit against defendant. Accordingly, plaintiff is entitled to an award of his attorney fees incurred in this case pursuant to ORS 742.061 .

**V.   SECOND CLAIM FOR RELIEF**
**(Breach of Insurance Policy Contract Number D1098423)**

35. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 through 26, above.

///

1   36.   Plaintiff's insurance policy number D1098423 provides for a 91 day waiting period following the onset of the insured's disability before monthly disability benefits become payable.

2   37.   Defendant started paying plaintiff monthly disability benefits pursuant to policy number D1098423 in August 2011.

3   38.   Since August 2011, defendant has paid plaintiff a monthly disability benefit pursuant to policy number D1098423 in the amount of $2,342 per month.  Defendant has refused to pay plaintiff a monthly benefit in the amount of $3,749 per month, which is the amount of the monthly benefit that plaintiff is entitled to receive under the terms of this policy.

4   39.   Defendant has thereby breached the contract of insurance that is set forth in policy number D1098423.

5   40.   As a result of defendant's breach of this contract, plaintiff has suffered monetary damages at the rate of $1,407 per month since August 2011.  The total amount of damages plaintiff has suffered to date is $14,070.

6   41.   Plaintiff will continue to suffer monetary damages as long as defendant continues to fail to provide plaintiff the full monthly disability benefit that he is entitled to receive under the terms of policy number D10898423.

7   42.   Pursuant to ORS 82.010, plaintiff is entitled to an award of prejudgment interest on the amount of the monthly benefits that defendant has wrongfully withheld from him since August 2011.

8   43.   Plaintiff has been forced to hire an attorney to contest defendant's decision regarding the calculation of plaintiff's monthly benefits, and to bring this insurance coverage lawsuit against defendant.  Accordingly, plaintiff is entitled to an award of his attorney fees pursuant to ORS 742.061.

///

///

## VI. THIRD CLAIM FOR RELIEF
### (Request for Declaratory Relief)

44. Plaintiff realleges and incorporates by reference the allegations in paragraph 1 through 26, above.

45. With respect to plaintiff's policy number D1088078, plaintiff is entitled to declarations by this court that:

    (a) The FIB section of this policy provides for a minimum 4% annual increase in the Full Benefit of the policy.

    (b) Since this policy was issued in 1994, plaintiff has been entitled to receive uninterrupted and continuous annual 4% increases in the Full Benefit amount of this policy, as provided for by the FIB section of the policy.

    (c) Defendant was not entitled to terminate the effectiveness of the FIB section of this policy in 1999.

46. With respect to plaintiff's policy number D1098423, plaintiff is entitled to declarations by this court that:

    (a) The FIB section of this policy provides for a minimum 4% annual increase in the Full Benefit of the policy.

    (b) Since this policy was issued in 1995, plaintiff has been entitled to receive uninterrupted and continuous annual 4% increases in the Full Benefit amount of this policy, as provided for by the FIB section of the policy.

    (c) Defendant was not entitled to terminate the effectiveness of the FIB section of this policy in 1999.

///

///

///

## VI. **PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays for the following:

a. An award of monetary damages equivalent to the amount of the monthly disability insurance benefits that defendant has wrongfully withheld from plaintiff since August 2011, the exact amount to be proven at trial;

b. Prejudgment interest that has accrued on the amount that defendant underpaid plaintiff for each of his monthly disability insurance benefits since August 2011;

c. An award of plaintiff's attorney fees incurred herein;

d. An award of plaintiff's costs and disbursements incurred herein: and

e. Such other relief that the court deems just and proper.

## VII. **DEMAND FOR A JURY TRIAL**

Plaintiff demands a jury trial for this lawsuit.

DATED this 6th day of June, 2012.

/s/ Michael J. Knapp
_____
Michael J. Knapp     OSB #833943
Attorney for Plaintiff